23708

RICHLAND COUNTY SCHOOL DISTRICT ONE, Appellant v. RICH-
LAND COUNTY COUNCIL; Harry Huntley, in his official capacity as
Auditor of Richland County; and Nenie Paskey, in her official capacity as
Treasurer or Richland County, Respondents.

(425 S.E. (2d) 750)

Supreme Court

Nov. 12, 1992.

Order on Rehearing Nov. 16, 1992.

## ORDER

In a prior appeal in this matter, three issues were presented
to this Court. We held the following: (1) Section 2 of Act No.
280, 1979 S.C. Acts 975, does not grant fiscal autonomy to ap-
pellant Richland County School District One (the District); (2)
S.C. Code Ann. § 59-21-1030 (Supp. 1991) requires Richland
County Council (the County) to appropriate the projected EIA
minimum local effort ($59,394,833.00) as submitted by the Dis-
trict; and (3) respondents were not complying with S.C. Code
Ann. § 4-29-67(c) (Supp. 1991),[1] concerning the treatment of

---

[1] This section provides:

Distribution of the payment in lieu of [property] taxes on the project
must be made in the same manner and proportion that the millage levied
for school and other purposes would be distributed if the property were
taxable. Millage rates must be determined for school and other purposes
as if the property were taxable.

the Union Camp fee-in-lieu of taxes. *Richland County School District One v. Richland County Council, et al.*, 425 S.E. (2d) 747 (S.C. Sup. Ct. 1992) (Davis Adv. Sh. No. 20 at 44). The County's Budget Ordinance contained Proviso IX which attempted to direct the County Auditor to deduct the fee-in-lieu from the total appropriation of all recipients, except the General Fund and Indigent Care. The proviso demonstrated that the fee was being treated in a disparate manner for purposes of the General Fund and School District One. Therefore, we directed the County to recalculate the District's budget appropriation in a manner not inconsistent with our opinion. *Id.* Despite our previous mandate, the District asserts that the County is still treating the Union Camp fee-in-lieu of taxes differently for county and school purposes.

Subsequent to this Court's opinion, the County repealed Provisio IX of its Budget Ordinance. Although this proviso has been repealed, the County has presented no evidence that a subsequent ordinance has been enacted that directs the distribution of the fee.

Accordingly, we grant the District's petition for supersedeas and direct the County to adopt an ordinance which does, in fact, provide for uniform treatment of the Union Camp fee-in-lieu of taxes, as required by § 4-29-67(C). *See* S.C. Code Ann. §§ 4-9-30 (Supp. 1991), 4-9-120 and -130 (1986). This order shall not be interpreted to mandate that the fee-in-lieu be either added to, or deducted from, the net property taxes required for each participating entity, rather, that the County shall adopt an ordinance directing the distribution of the fee in a non-disparate and proportionate manner.

It appears that this order disposes of all the issues raised by the petition for supersedeas and the appeal. Accordingly, this appeal is dismissed. The dismissal does not preclude any party from petitioning for rehearing if it is perceived that the order has not disposed of all of the issues.

It is so ordered.

Nov. 4, 1992.

ORDER
On November 4, 1992, we granted Richland County School

District One's (the District's) petition for supersedeas in the above matter. Richland County Council (the County) was ordered to adopt a budget ordinance which provides for the treatment of the Union Camp fee-in-lieu of taxes as required by S.C. Code Ann. § 4-29-67(C) (Supp. 1991). The County thereafter proposed an ordinance which merely recites that the fee "shall be treated uniformly and distributed among recipients in a non-disparate and proportionate manner under § 4-29-67(C) South Carolina Code of Laws (1976), as amended." In response to the County's actions, the District now seeks a rehearing "to clarify and finally dispose of the issue concerning handling of the fee, or, in the alternative, . . . enforcement of the Court's directive that the County adopt an ordinance which does, in fact, provide for the uniform treatment of the fee."

The District proposes that this Court mandate that the levy amount for the District be increased by its share of the fee-in-lieu of taxes, and the County agrees that this may be a solution. We reiterate that, under § 4-29-67(C), the County is not required to increase the net property taxes required for the District, but is simply required to distribute the fee in a non-disparate and proportionate manner.

The budget ordinance proposed by the County utterly fails to comply with our instructions and the laws of this State. Apparently, counsel for the County is either unable or unwilling to draft, and the County is unable or unwilling to adopt, an ordinance which sets forth the manner in which the fee will be divided among the participating entities, how much of the fee each entity will receive, and how the fee will impact upon the net property tax required by each entity.

Accordingly, the petition for rehearing is granted. County is, once again, ordered to adopt a detailed ordinance consistent with this Court's directives and § 4-29-67(C). The ordinance shall set forth *with specificity* how the Union Camp fee-in-lieu of taxes will be distributed, including how much of the fee each participating entity will receive.

It is so ordered.